United States District Court
Southern District of Texas
**ENTERED**
October 13, 2022
Nathan Ochsner, Clerk

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

| | | |
|---|---|---|
| Marquis Valantee Tate, | § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action H-22-1678 |
| Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

# Report and Recommendation

Marquis Valantee Tate, a Texas state inmate, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his Texas state-court convictions for aggravated sexual assault. ECF No. 1. The court recommends that the petition be dismissed because it is successive and Tate does not have the necessary permission to file it, meaning that this court has no jurisdiction.

## I.  Background

In 2018, Tate was convicted of seven counts of aggravated sexual assault and sentenced to life in prison in Harris County (Cause Nos. 1513402, 1513401, 1513400, 1513399, 1512765, 1512046, 1513398). ECF No. 1, at 1-2. Tate now seeks federal habeas corpus relief from his convictions, arguing that the State suppressed cell phone records that would have proved his innocence. *Id.* at 6.

Court records show that Tate has now filed at least twelve federal habeas petitions challenging his convictions and sentences for aggravated sexual assault. *See Tate v. Lumpkin*, Civil No. 4:22-cv-0055 (S.D. Tex. Jan.

11, 2022) (dismissing petition as successive and citing eleven previous cases challenging the same convictions).

## II. Discussion

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which prohibits "second or successive" habeas corpus applications that do not rely on a "new rule of constitutional law" made retroactive by the Supreme Court or a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(b)(2). If a prisoner wishes to pursue a second or successive habeas application, he must first obtain authorization from the appropriate court of appeals before a district court can consider that application. *See* 28 U.S.C. § 2244(b)(3)(A). This court has no jurisdiction to consider a successive petition absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a subsequent application qualifies as second or successive when it: (1) "raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition"; or (2) "otherwise constitutes an abuse of the writ." *Id.* Tate fails to demonstrate why he could not have raised the claim he raises here in an earlier federal habeas petition. Indeed, court records reflect that he has previously raised this identical claim in federal court. *See Tate v. Lumpkin*, Civil No. 4:22-cv-55. The pending petition meets the second-or-successive criteria.

Because the pending petition is successive, Tate is required to seek authorization from the Fifth Circuit before this court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *Cain*, 137 F.3d at 235). Tate

did not seek or obtain authorization to file the instant successive petition, and it must be dismissed for want of jurisdiction.

### III. Conclusion and Recommendation

The court recommends that Tate's federal habeas corpus petition be dismissed without prejudice as an unauthorized successive petition. The court further recommends that a certificate of appealability not issue.

The petitioner has fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed October 13, 2022, at Houston, Texas.

*Peter Bray*
United States Magistrate Judge

3